2006 OK 88

**Lisa Ann JORDAN,**
**Plaintiff/Appellee/Respondent,**

v.

**Daniel White JORDAN, Defendant/Third–**
**Party Plaintiff/Appellant/Petitioner,**

v.

**John W. Jordan III, Third–Party**
**Defendant/Appellee/Respondent.**

No. 101,544.

Supreme Court of Oklahoma.

Dec. 12, 2006.

Joel L. Wohlgemuth, Thomas M. Ladner, David R. Ross, Norman, Wohlgemuth, Chandler & Dowdell, Tulsa, OK, Attorneys for Appellant, Daniel White Jordan, III.

John A. MacKechnie, Gum, Puckett & Mackechnie, Oklahoma City, OK, Attorneys for Plaintiff/Appellee, Lisa Ann Jordan and Third–Party Defendant/Appellee, John W. "Jack" Jordan III.

EDMONDSON, J.

¶ 1 Dan Jordan, defendant/third-party plaintiff/appellant, brought a petition for certiorari from the Court of Civil Appeals' decision upholding summary judgment against him and in favor of John (Jack) Jordan, third-party defendant/appellee/respondent, who was brought into the original action on Dan's claim of resulting trust for the cash value of a life insurance policy in the amount of unpaid balance due on a promissory note sought from Dan by Lisa Jordan, plaintiff/appellee/respondent. The issue before us is whether the Court of Civil Appeals was correct in holding that the trial court did not err in its determination that there were no issues of material fact between Dan and Jack in controversy. The trial court also granted summary judgment in favor of Lisa against Dan, but Dan does not challenge the correctness of the Court of Civil Appeals' decision affirming that award. We have previously granted certiorari. We find there were material facts in issue regarding the ownership of the cash value of the policy and we reverse the decision of the Court of Civil Appeals rendered in favor of Jack. We remand the matter to the trial court with instructions to try those issues.

¶ 2 The record shows the following relevant facts led up to this lawsuit which was brought by Lisa against Dan to recover the remaining balance on a promissory note. Dan and Jack were officers and directors of Jordan Drilling Fluids, Inc. (JDF), and both were insured under "key man" life insurance policies. Although Jack was listed as the owner on his policy, JDF paid the premiums and was named as the beneficiary. In 2000, Jack resigned from JDF and agreed he would sell his stock to Dan. Before closing that sale, Jack transferred his interest to his wife Lisa, who then sold the stock to Dan, for which Dan gave Lisa a promissory note for $360,000.00. At the time of Jack's resignation, the cash surrender value of the insurance policy was $14,130.89. After his resignation, JDF requested Jack return the cash value to the company but he refused. Dan later purchased the cash value from JDF.

¶ 3 Dan had regularly paid Lisa the monthly payments in full on the promissory note, but he refused to pay the total of the last two payments. Instead he paid her only a partial amount, leaving an unpaid balance of $14,130.89. His refusal to pay the total was based on his claim that he (Dan) owned the cash value policy and Jack was holding it in trust for him (Dan) and that Jack should remit the sum to Lisa to satisfy the remainder of the balance owing in equal amount. Lisa filed this action against Dan to enforce payment of the $14,130.89 balance.

¶ 4 In Dan's answer to her petition he admitted his execution of the note and denied any allegations contrary to its express terms. He stated that plaintiff's husband, Jack, held the cash value of the policy in trust for him and he had instructed Jack to remit that sum which represents the balance due on the note to Lisa, but Jack had refused to do so.

¶ 5 Dan brought Jack into the action on a third-party petition asserting that although Jack purported to exert ownership interest over the policy and its cash value, as a matter of law Jack held the cash value in trust for the benefit of JDF and its successors and assigns, namely Dan. To enforce his claim of ownership of the cash value of the policy, Dan asked the trial court to exercise its equitable power and impose a resulting trust on the cash value of the policy. Dan prayed that in the event Lisa was awarded judgment against him, he should be awarded judgment against Jack in the amount of plaintiff's judgment.

¶ 6 Jack's answer to the third-party petition denied that he held any sum in trust for Dan. He asserted that he alone had always held ownership of the policy and that neither JDF nor Dan nor any other person had ever had ownership status of the policy or its cash value. Neither Jack nor Lisa made any other challenge to the third-party petition or the cause of action set forth therein.

¶ 7 The trial court sustained motions for summary judgment filed by Lisa and Jack based on its finding that there was no substantial controversy as to the material facts and they were both entitled to judgment against Dan as a matter of law. Judgment was therefore awarded to Lisa against Dan for the amount of the balance of the note and judgment was rendered in favor of Jack against Dan on the third-party claim seeking to recover the cash value of the policy based on Dan's claim of ownership.

¶ 8 On certiorari, Dan argues that the Court of Civil Appeals' decision affirming the trial court's judgment for Jack is erroneous and that it is not in accord with applicable decisions of this Court, as well as being internally inconsistent.

¶ 9 The issue of ownership was framed by the parties before the trial court. Dan directly and repeatedly challenged the third-party defendant's ownership of the cash value of the policy in pleadings and arguments before the trial court and he sought the trial court's assistance in equity in recovering the sum of the cash value from the third-party defendant. Jack responded and denied Dan's claim and asserted his own ownership.

¶ 10 The Court of Civil Appeals, however, then determined sua sponte that Dan's third-party claim was not really a claim against Jack but was instead raised only as a set-off to Lisa's claim, which was impermissible because Dan's ownership claim against Jack was not germane to plaintiff's action on the note. In its decision the Court expressly found that:

There are genuine issues of material fact regarding the ownership of the policy. Moreover, Dan has cited compelling authority to support his claim that JDF held equitable title to the life insurance policy. (Citations omitted). Based on that authority, a grant of summary judgment on the validity of JDF's (and Dan's) claim to the equitable title of the life insurance policy would have been in error.

¶ 11 Notwithstanding this clear finding, the Court of Civil Appeals concluded summary judgment in favor of Jack and against Dan on the third-party petition should be affirmed and found Dan should bring a separate action to enforce his ownership claim. The Court stated that this judgment "does not operate as an adjudication of the rights and liabilities between Jack and Dan, but merely operates as an adjudication of Dan's right to treat his claim against Jack as a set-off to Lisa's claim against [Jack]."

¶ 12 Dan argues that the trial court's summary judgment for Jack was erroneous and the Court of Civil Appeals finding that genuine factual issues relating to ownership of the policy were in controversy was correct. Dan argues that by affirming the trial court's summary judgment against him on the third-party petition, based on its mistaken finding of the nature of the third-party claim, the Court of Civil Appeals, notwithstanding its expressions to the contrary, has established a final judgment on the merits which may allow Jack to defeat a subsequent suit by pleading res judicata. Dan submits that if the Court of Civil Appeals believed the third-party claim was indeed impermissibly brought and should have been dismissed by the trial court, then the proper resolution would have been to dismiss it without prejudice, rather than to affirm summary judgment in favor of Jack.

¶ 13 We find it unnecessary to further discuss and analyze the reasoning of the Court of Civil Appeals' decision or to address the many questions inherent therein, however, because the Court of Civil Appeals was not free to raise *sua sponte* the issue of an improper third-party claim which the parties had not raised before the trial court. Neither Jack nor Lisa objected that the third-party petition was defective or set forth a claim that was not authorized. Accordingly, it was not an issue on appeal. An objection to the defect of or misjoinder of parties must be promptly interposed to the trial court in the manner provided by law, and failure to do so will preclude the question being raised on appeal. *Vinzant v. Hillcrest Medical Center,* 1980 OK 50, 609 P.2d 1274, 1276; *see also Stotts v. Church of Jesus Christ of Latter Day Saints,* 1994 OK CIV APP 134, 882 P.2d 1106.

¶ 14 Third-party practice is governed by 12 O.S.2001 § 2014, which provides in relevant part as follows:

A. WHEN DEFENDANT MAY BRING IN THIRD PARTY. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and petition to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him or who is liable to him on a claim arising out of the transaction or occurrence that is the subject matter of a claim that is asserted against him .... The person served with the summons and third-party petition, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim as provided in Section [2012]of this act .... Any party may move to strike the third-party claim, or for its severance or separate trial.

¶ 15 These provisions require that a person such as Jack, who has been served with the third-party petition and joined in the action as a third-party defendant, must respond to the third-party petition just as a defendant must respond to the original petition. The defensive options and the timing for their presentation to the trial court are governed as for the original defendant by 12 O.S. § 2012.

¶ 16 The Court of Civil Appeals improperly raised and addressed the issue of improper third-party practice. In *Reddell v. Johnson,* 1997 OK 86, ¶¶ 6–8, 942 P.2d 200, 202–03, the Court of Civil Appeals *sua sponte* decided a case on a defense not pleaded by the defendant, and this Court explained as follows:

An appellate court is generally confined to the issues raised by the parties and presented by the proof, pleadings, petition in error and briefs. *Mothershed v. Mothershed,* 701 P.2d 405, 411 (Okla.1985); *Northrip v. Montgomery Ward & Co.,* 529 P.2d 489 (Okla.1974); *Steiger v. City Nat'l Bank of Tulsa,* 424 P.2d 69, 72 (Okla.1967) (matters not first presented to the trial court for resolution will not be considered by the Supreme Court); *Edwards v. Pierce,* 376 P.2d 269, 272–73 (Okla.1962); *Diem v. Diem,* 372 P.2d 19, 23 (Okla.1962) (if a judgment may be upheld on any theory presented by the proof or pleadings, it may stand). It is the duty of the parties to frame the issues.

In *Kamen v. Kemper Financial Services, Inc.,* 500 U.S. 90, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991), the Supreme Court explained that when a particular claim or defense is before the Court, the Court is not limited to a particular theory. However, courts are not free to play the role of advocate, and raise claims or defenses that should be left to the parties to raise. *Doubleday & Co., Inc. v. Curtis,* 763 F.2d 495, 502 (2nd Cir.1985), *cert. denied,* 474 U.S. 912, 106 S.Ct. 282, 88 L.Ed.2d 247 (1985) (court cannot raise the defense of waiver when it was not raised by the party who could have done so). Only under limited conditions, such as in a public-law controversy, may an appellate court raise a new issue *sua sponte. First Federal Savings & Ln. v. Nath,* 839 P.2d 1336, 1343 n. 35 (Okla.1992).

This rule goes hand in hand with the principle that affirmative defenses must be raised by the parties or are waived. *Furr v. Thomas,* 817 P.2d 1268, 1272–73(Okla.1991); *Harper–Turner Oil Co. v. Bridge,* 311 P.2d 947, 949(Okla.1957).

¶ 17 We do agree with the Court of Civil Appeals that there are genuine issues of material fact regarding the ownership of the

cash value of the insurance policy in controversy before the trial court. We therefore find that the trial court erred in granting summary judgment to Jack and we reverse that judgment. "Summary judgment is proper only when it appears that there is no substantial controversy as to any material fact and that one of the parties is entitled to judgment as a matter of law." *Seitsinger v. Dockum Pontiac Inc.*, 1995 OK 29, 894 P.2d 1077, 1079. Summary judgments are not favored and they should be granted only where it is perfectly clear that there are no issues of material fact in a case. *Erwin v. Frazier*, 1989 OK 95, 786 P.2d 61, 62–63. Furthermore, all inferences and conclusions to be drawn from the undisputed facts must be viewed in the light most favorable to the party opposing the motion. *Northrip v. Montgomery Ward & Co.* 1974 OK 142, 529 P.2d 489, 497.

¶ 18 We vacate the decision of the Court of Civil Appeals affirming summary judgment on the third-party claim and we reverse in part the judgment of the trial court. We remand the matter to the trial court with instructions to determine by trial the disputed issues relating to ownership of the cash value of the policy.

¶ 19 ALL JUSTICES CONCUR.