2009 OK CIV APP 97

**Jennifer ANDRES, an Individual, and Jose Andres, an Individual, Plaintiffs/Appellants,**

v.

**OKLAHOMA FARM BUREAU MUTUAL INSURANCE COMPANY, a Domestic For Profit Business Corporation, Defendant/Appellee.**

**No. 106,748.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Aug. 31, 2009.

Certiorari Denied Nov. 23, 2009.

Donald E. Smolen, II, Daniel E. Smolen, Mark L. Miller, Smolen & Smolen PLLC, Tulsa, OK, for Plaintiffs/Appellants.

Stephen M. Coates, Wilson, Cain & Acquaviva, Tulsa, OK, for Defendant/Appellee.

DOUG GABBARD II, Presiding Judge.

¶1 In this action for breach of contract and breach of good faith against their insurance company, Plaintiffs, Jennifer Andres and Jose Andres, appeal a summary judgment granted in favor of Defendant, Oklahoma Farm Bureau Mutual Insurance Company (OFB). We affirm in part, reverse in part, and remand with directions.

## BACKGROUND

¶2 On May 16, 2007, sewage water from the City of Tulsa's main sewer line backed up and allegedly caused extensive and permanent damage to Plaintiffs' home in Tulsa. Plaintiffs contacted their insurance company, OFB, and it promptly investigated the matter. On May 24, OFB denied the claim on the grounds that the policy in question specifically excluded property damage caused by "water which backs up through sewers or drains."

¶3 Plaintiffs then filed the present action, alleging that the claim was covered by the policy, that OFB breached its contract, and that it also breached its duty to deal fairly and in good faith with them. OFB answered and later filed a motion for sanctions, alleging that Plaintiffs' lawsuit had no merit. It also filed a motion for summary judgment, alleging similar grounds. Plaintiffs requested that the matter be stayed pending additional discovery.

¶4 The trial court refused to stay the matter, and, following a hearing, granted summary judgment in favor of OFB. Plaintiffs appeal.

## STANDARD OF REVIEW

¶5 Summary judgment may only be granted when there is no substantial controversy as to any material fact, and one of the parties is entitled to judgment as a matter of law. *Jordan v. Jordan*, 2006 OK 88, ¶17, 151 P.3d

117, 121. We review a grant of summary judgment *de novo*, that is, without deference to the trial court's ruling. *Young v. Macy*, 2001 OK 4, ¶ 9, 21 P.3d 44, 47.

¶ 6 Resolution of the present case involves, in part, the interpretation of an insurance contract. The interpretation of an insurance contract, and whether it is ambiguous, are determined by the court as a question of law. *Dodson v. St. Paul Ins. Co.*, 1991 OK 24, ¶ 12, 812 P.2d 372, 376. We also review questions of law *de novo*. *Weeks v. Cessna Aircraft Co.*, 1994 OK CIV APP 171, ¶ 5, 895 P.2d 731, 733 (approved for publication by the Oklahoma Supreme Court).

## ANALYSIS

¶ 7 When addressing a dispute concerning the language of an insurance policy, a court must first determine as a matter of law whether the policy language at issue is ambiguous. *Wynn v. Avemco Ins. Co.*, 1998 OK 75, ¶ 17, 963 P.2d 572, 575. Policy language is ambiguous if it is reasonably susceptible to more than one meaning on its face. *Dodson v. St. Paul Ins. Co.*, at ¶ 12, 812 P.2d at 376–77; *Littlefield v. State Farm Fire and Cas. Co.*, 1993 OK 102, ¶ 7, 857 P.2d 65, 69. If the insurance contract contains no ambiguity, a court must construe its language in accordance with the plain, ordinary meaning of its terms. *Haworth v. Jantzen*, 2006 OK 35, ¶ 17, 172 P.3d 193, 197. However, where an ambiguity is found in the policy language, or where the exclusions are obscure or technical or are hidden in complex policy language, a court must resolve the ambiguity in a manner that conforms the policy to the parties "reasonable expectations." *Max True Plastering Co. v. U.S. Fid. and Guar. Co.*, 1996 OK 28, 912 P.2d 861. In other words, a policy or provision thereof will be construed, not by what the drafter necessarily intended, but by what a reasonable person in the position of the insured would have understood the term or policy to mean. *American Econ. Ins. Co. v. Bogdahn*, 2004 OK 9, ¶ 9, 89 P.3d 1051, 1054. This is called the doctrine of reasonable expectations.

¶ 8 The doctrine of reasonable expectations was first adopted by the Okla-homa Supreme Court in the *Max True Plastering* case. It is designed to protect both the insured from the potential traps of poorly drafted policy language, and to protect the insurer from loose or ill-considered judicial interpretation when policy language is clear. It is also entirely consistent with long-recognized Oklahoma rules for interpreting insurance policies and other contracts of adhesion, including: 1) ambiguities are construed most strongly against the insurer; 2) in cases of doubt, words of inclusion are liberally applied in favor of the insured and words of exclusion are strictly construed against the insurer; 3) an interpretation which makes a contract fair and reasonable is selected over that which yields a harsh or unreasonable result; 4) insurance contracts are construed to give effect to the parties' intentions; 5) the scope of an agreement is not determined in a vacuum, but instead with reference to extrinsic circumstances; and 6) words are given effect according to their ordinary or popular meaning. *Max True Plastering* at ¶ 8, 912 P.2d at 865.

¶ 9 In the present case, Plaintiffs first assert that the damage caused by the sewage backup is clearly covered by the policy because the plain, ordinary meaning of the exclusion relied upon by OFB does not apply to raw sewage, but only to "water." The pertinent policy term states:

EXCLUSIONS—LOSSES WE DO NOT COVER

Under Dwelling, Other Structures and Personal Property Coverages, we do not cover loss resulting directly or indirectly from:

. . .

3. water damage meaning:

. . .

b. water which backs up through sewers or drains . . .

Plaintiffs argue that "sewage" is not the same as "water," and, if OFB intended to cover raw sewage, it should have done so using clear and unambiguous language in its policy. *See Chicago, R.I. & P.R. Co. v. Aet-*

na Ins. Co., 180 Kan. 730, 308 P.2d 119 (1957).

¶ 10 No Oklahoma cases have construed a similar policy term. However, some courts, including a Florida appellate court in *Florida Farm Bureau Insurance Co. v. Birge,* 659 So.2d 310 (Fla.Dist.Ct.App.1994), have reached a conclusion consistent with Plaintiffs' argument. Nevertheless, we believe the better rule is that a reasonable person would expect water backing up, or discharging through, their sewer or plumbing system to contain raw sewage. Thus, we agree with OFB that this exclusion covered raw sewage.

¶ 11 Plaintiffs next assert that the insurance policy contained inconsistent and ambiguous terms. Plaintiffs note that under "Perils We Insure Against," the insurance policy specifically covered:

> 14. Accidental Discharge or Overflow of Water or Steam from within a plumbing ... system[.]

Plaintiffs assert that a sewer line is part of the plumbing system of a house, and, therefore, the policy both included and excluded coverage for the accidental discharge or overflow of water containing sewage. We agree.

¶ 12 In *World Fire & Marine Insurance Co. v. Carolina Mills Distributing Co.,* 169 F.2d 826, 829 (8th Cir.1948), the Eighth Circuit Court of Appeals construed an insurance policy which contained insuring and exclusion clauses almost identical to those found in this case. The Court concluded:

> If the excepting clause be construed as applying to the state of facts in this case, as appellant [Insurer] contends, an irreconcilable conflict must exist between its meaning and the insuring clause, with the result that the contract must be found to be ambiguous. In that event, the contract will be construed favorable to the insured who did not prepare it. The application of the latter rule of construction would lead to striking down the excepting clause and an affirmance of the judgment.

Other cases have reached similar results in reviewing similar policy terms. *See King v. Travelers Ins. Co.,* 84 N.M. 550, 505 P.2d 1226 (1973); *Fine v. Underwriters of Lloyd's London,* 239 F.2d 362 (3rd Cir.1956); *Cantanucci v. Reliance Ins. Co.,* 43 A.D.2d 622, 349 N.Y.S.2d 187 (N.Y.App.Div.1973).

¶ 13 Although OFB has cited cases to the contrary, we are not persuaded by them. For example, in *Gammons v. Tennessee Farmers Mutual Insurance Co.,* 1986 WL 13039 (Tenn.App.), the Tennessee Court of Appeals held that accidental discharge of water from within the plumbing system "was not the cause of the damage to the Gammons' house because the water and sewer that overflowed into their home was not from within the system but rather from the city's sewer lines." We find it unlikely that a court could conclusively identify the origin of sewage. A homeowner typically owns that portion of the sewer line across his or her own property, and, therefore, any sewage which discharges into the home might well come from within the homeowner's own system. We do not believe such a distinction can be drawn by the policy language, applied in practice, or interpreted by any reasonable insured person in this manner.

¶ 14 A reasonable person in the position of the insured would have understood the clause providing coverage for "Accidental Discharge or Overflow of Water or Steam from within a plumbing ... system" as including raw sewage, and would have understood the clause excluding "water which backs up through sewers or drains" as excluding raw sewage. Because the policy contained these conflicting provisions, it is ambiguous. Accordingly, we construe this ambiguity against OFB and in favor of Plaintiffs, and we conclude that the policy provided Plaintiffs coverage for damage caused by the overflow of raw sewage into their home. Plaintiffs were entitled to summary judgment as a matter of law on their claim for breach of contract.

¶ 15 Our finding that Plaintiffs' loss was covered by OFB's policy does not, however, end our inquiry. While OFB breached its contract with Plaintiffs, additional facts must exist to support a claim that OFB breached its duty of dealing with Plaintiffs fairly and in good faith. Here, OFB asserts that the undisputed facts show that Plaintiffs cannot prove such a claim.

¶ 16 In order to prove a claim of breach of an insurer's duty of dealing fairly and in good faith, a plaintiff must prove the following elements: 1) the insurer was required under the insurance policy to pay the insured's claim; 2) the insurer's refusal to pay the claim in full was unreasonable under the circumstances because either: a) it had no reasonable basis for the refusal, b) it did not perform a proper investigation of the claim, or c) it did not evaluate the results of the investigation properly; 3) the insurer did not deal fairly and in good faith with the insured; and 4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the injury sustained by the insured. *See* Oklahoma Uniform Jury Instructions–Civil (2d) No. 22.2.

¶ 17 In the present case, we have already determined that OFB was required under its insurance policy to pay Plaintiffs' claim. However, the second element of a claim for breach of an insurer's duty of dealing fairly and in good faith requires proof that the insurer's refusal was unreasonable. The Oklahoma Supreme Court has held that an insurer's refusal to pay is not unreasonable or in bad faith when there is a legitimate dispute concerning coverage or when there is no conclusive precedent on the issue presented.[1] *Christian v. Am. Home Assur. Co.,* 1977 OK 141, 577 P.2d 899; *Claborn v. Washington Nat'l Ins. Co.,* 1996 OK 8, ¶ 14, 910 P.2d 1046, 1051; *Skinner v. John Deere Ins. Co.,* 2000 OK 18, ¶ 17, 998 P.2d 1219, 1223; *Duensing v. State Farm Fire and Cas. Co.,* 2006 OK CIV APP 15, ¶ 40, 131 P.3d 127, 138.

¶ 18 Here, OFB denied the claim on the grounds that the claim was not covered by the policy; it relied upon decisions from nine other jurisdictions which supported its theory; its legal theory was plausible; and there was no Oklahoma precedent. Nothing in the appellate record suggests that OFB lacked a good-faith basis for refusing to pay Plaintiffs' claim. Thus, we conclude as a matter of law that OFB had a reasonable legal basis for refusing to pay the claim, and it is not liable

for breach of the duty of good faith and fair dealing. The trial court properly entered summary judgment on this claim.

## CONCLUSION

¶ 19 On Plaintiffs' claim for breach of OFB's duty of good faith and fair dealing, the summary judgment in favor of OFB is affirmed. However, on Plaintiffs' claim for breach of contract, the summary judgment is reversed and this cause is remanded with directions that the trial court enter summary judgment in favor of Plaintiffs and set the matter for trial on the issues of damages, attorney fees, and costs.

¶ 20 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.

RAPP, J., and FISCHER, J., concur.

---

1. We note that this rule has been adopted by almost every state and federal jurisdiction that has considered the issue.