2011 OK CIV APP 57

**Janine C. McCLAIN, an individual; J.W., a minor, by and through his parent and next friend, Annett Wildcat; and R.M.C., a minor, by and through his parent and next friend, Paula Krohn, Plaintiffs/Appellants,**

v.

**RIVERVIEW VILLAGE, INC. d/b/a Western Pine Apartments, an Oklahoma Corporation; Lynco, Inc., an Oklahoma Corporation; Gray Protective Services; Donald Gray; and Pamela Kenyon, Defendants/Appellees.**

No. 108,883.

Court of Civil Appeals of Oklahoma, Division No. 4.

March 25, 2011.

William D. Thomas, James C. Thomas, Thomas Law Firm, PLLC, Tulsa, Oklahoma, for Plaintiffs/Appellants.

Jack N. Herrold, Christopher L. Camp, Sneed Lang Herrold, P.C., Tulsa, Oklahoma, for Defendants/Appellees.

DOUG GABBARD II, Vice Chief Judge.

¶ 1 In this tort action,[1] Plaintiffs Janine C. McClain, an individual; J.W., a minor, by and through his parent and next friend, Annett Wildcat; and R.M.C., a minor, by and through his parent and next friend, Paula Krohn, appeal a summary judgment granted in favor of Defendants, Riverview Village, Inc., dba Western Pine Apartments, an Oklahoma Corporation; Lynco, Inc., an Oklahoma Corporation; Gray Protective Services; Donald Gray; and Pamela Kenyon. We summarily affirm, pursuant to Oklahoma Supreme Court Rule 1.202(d), 12 O.S.2001 ch. 15, app. 1.

¶ 2 The relevant facts are essentially undisputed: Plaintiffs were residents or visitors at Riverview Village, a public housing project located in Tulsa. Riverview Village was managed by Lunco, Inc., through its onsite manager, Pamela Kenyon. Riverview, by and through its agent Lynco, entered into a written contract with Gray Protective Services (Gray) for Gray to provide armed security protection at the housing project. Gray is a private, state-licensed, armed security company owned by Donald Gray.

¶ 3 In May 2009, Plaintiffs sued Defendants variously alleging that Gray had pepper-sprayed, beaten, grabbed, slammed to the ground, placed in handcuffs, screamed at, and otherwise injured Plaintiffs "without cause." Plaintiffs also alleged that Riverview Village, Lynco, and Kenyon had been negligent in their "training, supervision and retention of" Gray and that their negligence was the proximate cause of Plaintiffs' injuries.

¶ 4 Defendants Riverview, Lynco, and Kenyon filed a motion for summary judgment. Their summary judgment brief set forth 28 "uncontroverted facts" with supporting evidentiary material. These facts and material indicate that Defendants conducted a criminal background check on Gray before entering the contract, that the background check indicated that Gray had never been charged with a felony or crime involving moral turpitude or firearms, that Gray was an independent contractor, that Defendants did not directly supervise Gray, and that they neither knew nor should have known that Gray had any propensity for physically assaulting Defendants or other tenants without cause.

¶ 5 Plaintiffs moved to dismiss the summary judgment motion. Plaintiffs argued that Defendants' motion was "based on an incomplete evidentiary record that revolves around two principal issues: (1) lack of control over independent contractor Gray, and (2) lack of prior notice of the dangerous propensities of Gray." Plaintiffs did not refer to or attach any evidentiary material controverting Defendants' alleged "uncontroverted facts," but generally asserted:

> With the completion of discovery, the Plaintiffs expect to prove that Defendants ... all knew or should have known of the dangerous and violent propensities of security guard Gray. At least, we know that whether there was control and/or knowledge are questions of fact to be decided by the jury's assessment and inferences drawn from the evidence included in the completed evidentiary record.

¶ 6 Plaintiffs then argued that summary judgments are not favored, that Defendants' motion was "prematurely filed before Plaintiffs have completed their discovery," and, therefore, it should be dismissed "as being filed prematurely."

1. Plaintiffs originally filed this matter as a class action. However, the trial court denied class certification, and the validity of that order is not at issue in this appeal.

¶ 7 In a four-page Journal Entry of Judgment, the trial court granted summary judgment in favor of Defendants, finding that Plaintiffs had not filed "a concise written statement of the material facts as to which a genuine issue exists" as required by District Court Rule 13(b), 12 O.S.2001 ch. 2, app.; had not shown that any facts existed to support their claims by attaching or referring to supporting evidentiary material as required by Rule 13(b); and had not filed an affidavit stating reasons why Plaintiffs could not yet present evidentiary material sufficient to controvert, thereby justifying postponement of a ruling on Defendant's motion, as required by Rule 13(d) and 12 O.S. Supp.2010 § 2056. Because Plaintiffs had not complied with District Court Rule 13, the trial court found that Plaintiffs were deemed to have admitted those "uncontroverted facts" set forth by Defendants which were supported by acceptable evidentiary material. Because all 28 uncontroverted facts were properly supported, the trial court properly concluded that no substantial controversy existed, and that Defendants were entitled to summary judgment. As noted, Plaintiffs appealed, and the matter stands submitted to this Court for resolution on the trial court record.

■■■ ¶ 8 "Summary judgment is proper only when it appears that there is no substantial controversy as to any material fact and that one of the parties is entitled to judgment as a matter of law." *Jordan v. Jordan*, 2006 OK 88, ¶ 17, 151 P.3d 117, 121. "Since a summary judgment disposes solely of issues of law we review it *de novo.*" *Young v. Macy*, 2001 OK 4, ¶ 9, 21 P.3d 44, 47. *De novo* means without deference to the trial court's legal ruling. *Fisher v. Fisher*, 2007 OK CIV APP 103, ¶ 3, 171 P.3d 917, 919.

■■■ ¶ 9 After reviewing the entire appellate record, we find that the trial court's findings of fact and conclusions of law adequately explain its decision and contain no error at law.[2] Therefore, pursuant to Oklahoma Supreme Court Rule 1.202(d), 12 O.S. 2001 ch. 15, app. 1, its decision is hereby summarily affirmed.

¶ 10 AFFIRMED UNDER SUPREME COURT RULE 1.202(d).

¶ 11 GOODMAN, P.J., and RAPP, J., concur.

---

2. We granted Plaintiffs' request to file appellate briefs. In their brief, Plaintiffs assert for the first time that Defendants have vicarious liability because they had a non-delegable duty to ensure the safety of their tenants. Plaintiffs rely primarily on *Bouziden v. Alfalfa Electric Cooperative*, 2000 OK 50, 16 P.3d 450. We find *Bouziden* distinguishable and are not persuaded by the merits of Plaintiffs' arguments. Plaintiffs also have improperly attached to their brief a number of documents and other items which were not presented to the trial court. On an appeal from the trial court's grant of summary judgment, the parties may not present, and this Court may not consider, new issues, arguments, or evidence not before the trial court even though, if they had been presented, would have presented a material fact and issue for determination. *Northrip v. Montgomery Ward & Co.*, 1974 OK 142, 529 P.2d 489.