2012 OK CIV APP 93

Jennifer ANDRES, Plaintiff/Appellant,

v.

OKLAHOMA FARM BUREAU MUTUAL INSURANCE COMPANY, a Domestic Corporation, Defendant/Appellee.

No. 109,929.

Court of Civil Appeals of Oklahoma, Division No. 4.

June 12, 2012.

Certiorari Denied Sept. 17, 2012.

Donald E. Smolen, II, Smolen, Smolen & Roytman, Tulsa, Oklahoma, for Plaintiff/Appellant.

Stephen M. Coates, Wilson, Cain & Acquaviva, Tulsa, Oklahoma, for Defendant/Appellee.

P. THOMAS THORNBRUGH, Judge.

¶ 1 Plaintiff, Jennifer Andres, appeals from the trial court's entry of summary judgment in favor of Defendant, Oklahoma Farm Bureau Mutual Insurance Company (OFB), on Plaintiff's claim alleging OFB's bad faith conduct after remand of a related case between Plaintiff and OFB. For the reasons set forth below, we affirm the trial court's judgment.

## BACKGROUND

¶ 2 This case has its origins in OFB's denial, in 2007, of Plaintiff's property damage claim resulting from a sewer line backup into

Plaintiff's home. Plaintiff filed an action[1] against OFB asserting breach of contract and breach of the duty of good faith. In November 2008 the trial court granted summary judgment to OFB. In *Andres v. Oklahoma Farm Bureau Mut. Ins. Co.*, 2009 OK CIV APP 97, 227 P.3d 1102 (*Andres I*), this Court affirmed in part and reversed in part. Our opinion noted that the trial court had refused Plaintiff's request for additional discovery prior to entering its judgment, which was based on the exclusion language of the homeowner's policy alone. We held that, although OFB had a reasonable basis for denying coverage and therefore was not liable for bad faith, Plaintiff's claim was in fact covered under OFB's policy. Thus, we held Plaintiff was entitled to judgment on her breach of contract claim as a matter of law. We remanded with directions to the trial court to enter judgment in Plaintiff's favor on the latter claim, and to "set the matter for trial on the issues of damages, attorney fees, and costs." *Id.* at ¶ 19, 227 P.3d at 1107. OFB sought certiorari, which was denied.

¶ 3 The matter now before us also is an appeal from a summary judgment in favor of OFB in an action filed by Plaintiff. This case is based on Plaintiff's allegation that OFB engaged in bad faith conduct following remand of *Andres I*, thereby giving rise to another claim for breach of the duty of good faith. The essence of Plaintiff's claim here, as described in her trial court briefings, is that after remand, "OFB did absolutely nothing to independently investigate and evaluate Plaintiff's claim so that it could pay her on it." Rather, Plaintiff complains that OFB "simply sat back and waited for Plaintiff to 'prove'" her claim's value "without ever proferring its own evaluation."[2]

¶ 4 The parties do not dispute the essential facts. In February 2010, after the Supreme Court denied certiorari in *Andres I*, OFB made an offer of judgment for $20,001, which was based on Plaintiff's 2007 handwritten list of expenses and damages totaling approximately $22,000 (less certain expenses that OFB disputed). Plaintiff did not accept the offer.

¶ 5 OFB then requested a scheduling order and sought further pretrial discovery as to Plaintiff's damages. Plaintiff objected that the matter should be set immediately for trial, and applied to the Supreme Court for a writ[3] to prohibit the trial court from proceeding with discovery. On September 13, 2010, the Supreme Court denied Plaintiff's application to assume original jurisdiction.

¶ 6 In October 2010, the trial court entered a scheduling order setting a discovery cutoff date of February 18, 2011. In November 2010, Plaintiff served a witness and exhibit list containing the name of an expert witness to testify as to Plaintiff's restoration and other property damages. OFB asserted the expert had not previously been identified, and it had not previously seen the exhibits. Ultimately, the expert's report and other exhibits were provided, discovery continued, and Plaintiff filed a motion for summary judgment supported by an affidavit seeking damages of more than $94,000. OFB objected to the motion.

¶ 7 Plaintiff thereafter filed the action underlying this appeal, asserting OFB's bad faith.[4] About a week later, OFB tendered an offer of judgment for $47,001 to Plaintiff to settle her breach of contract claim in *Andres I*. On March 7, 2011, Plaintiff accepted the offer, thus concluding the *Andres I* case on all issues except Plaintiff's attorney fees and costs.

¶ 8 OFB moved for summary judgment in this action. The trial court granted the motion. Plaintiff appeals.

### STANDARD OF REVIEW

¶ 9 "Summary judgment is proper only when it appears that there is no substantial controversy as to any material fact and that

---

1. The 2008 action was filed by Plaintiff with her husband, Jose Andres, who is not a party to this action.

2. Plaintiff's response to OFB's motion for summary judgment at p. 8 (Record Tab 6).

3. Case No. 108,441, filed June 25, 2010.

4. The case was assigned to a different judge, and Plaintiff successfully resisted OFB's motion to consolidate the cases.

one of the parties is entitled to judgment as a matter of law." *Jordan v. Jordan,* 2006 OK 88, ¶ 17, 151 P.3d 117, 121 (quoting *Seitsinger v. Dockum Pontiac, Inc.,* 1995 OK 29, 894 P.2d 1077). This Court reviews a grant of summary judgment *de novo. Young v. Macy,* 2001 OK 4, ¶ 9, 21 P.3d 44, 47. "In a *de novo* review we have plenary, independent and non-deferential authority to determine whether the trial court erred in its application of the law." *Id.* (citing *Kluver v. Weatherford Hosp. Auth.,* 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084).

## ANALYSIS

■ ¶ 10 As noted above, the essence of Plaintiff's bad faith cause of action here is her contention that OFB failed to initiate and pursue an independent investigation to evaluate her claim once the appeal in *Andres I* was concluded. The parties do not cite, and we do not find, authority in Oklahoma or elsewhere involving a claim of bad faith arising from an insurer's exercise of its duty to an insured plaintiff on remand after coverage has been judicially determined. However, Oklahoma law is clear that an insurance company has a duty to its insured to conduct an investigation of a claim that is "reasonably appropriate under the circumstances," and to "promptly settle the claim for the value or within the range of value assigned to the claim as a result of its investigation." *Newport v. USAA,* 2000 OK 59, ¶ 16, 11 P.3d 190, 196–97.

¶ 11 What is "reasonably appropriate under the circumstances," in terms of an investigation, of necessity will differ depending on the facts of a particular case. In this regard, it has been noted that "[o]nce a court ... proceeding is commenced seeking insurance benefits, normal claim handling is superseded by the litigation proceeding." Allan D. Windt, *2 Insurance Claims and Disputes 5th: Representation of Insurance Companies & Insureds,* § 9:28 (Database updated March 2012). The article continues:

The insurer retains counsel, and the insurer then relies upon its counsel to handle discovery in the context of the litigation proceeding. Accordingly, properly analyzed, an insurer cannot be guilty of bad faith because it does not conduct its own investigation, but instead relie[s] upon its counsel to conduct an investigation that is appropriate in a litigation context.

¶ 12 Not inconsistently with this sentiment, the Court in *Newport* also made clear that its statement of an insurer's duty "is not to say that an insurer may not negotiate or litigate the value of the claim." 2000 OK 59 at ¶ 16, 11 P.3d at 197. Clearly, an insurer's right to engage in litigation in good faith has been recognized since the tort of bad faith was first recognized by the Oklahoma Supreme Court in *Christian v. American Home Assur. Co.,* 1977 OK 141, ¶ 25, 577 P.2d 899, 904–05 ("We do not hold that an insurer who resists and litigates a claim made by its insured does so at its peril that if it loses the suit or suffers a judgment against it for a larger amount than it had offered in payment, it will be held to have breached its duty to act fairly and in good faith and thus be liable in tort.").

¶ 13 State and federal appeals courts also have refused to recognize a bad faith claim against an insurer based solely on an insurance company's alleged post-litigation conduct of disputing an insured's damages. *See Sims v. Travelers Ins. Co.,* 2000 OK CIV APP 145, ¶¶ 9–12, 16 P.3d 468, 471–72 (holding that an insurer's litigation conduct could not be used as evidence of bad faith or to form the basis for a bad faith claim); *Timberlake Const. Co. v. U.S. Fid. and Guar. Co.,* 71 F.3d 335, 341 (10th Cir.1995)("while evidence of an insurer's litigation conduct may, in some rare instances, be admissible on the issue of bad faith, such evidence will generally be inadmissible"). Rather, after a lawsuit is pending, "to hold an insurer's acceptable litigation tactics as evidence of bad faith would be to deny the insurer a complete defense." *Roesler v. TIG Ins. Co.,* 251 Fed. Appx. 489, 498 (10th Cir.2007) (unpublished opinion) (citing *Sims, Timberlake,* and *Hale v. A.G. Ins. Co.,* 2006 OK CIV APP 80, 138 P.3d 567).

¶ 14 "To date, the courts have uniformly rejected the argument that an insurer can be guilty of bad faith for simply defending itself in a coverage litigation and taking advantage, even zealously so, of every right afforded

under applicable state and federal discovery rules." Zampino and Coleman, *"Turning the Other Cheek: Can Insurers' Defense of Coverage Suits Constitute Grounds for Bad Faith Litigation?"* 38 Tort Trial & Ins. Prac. L.J. 103, 105 (Fall 2002).

¶ 15 The flaw in Plaintiff's attempt, at this point, to pursue a bad faith claim based on OFB's alleged failure to investigate, is that this matter *is currently in litigation.* It is undisputed that OFB is represented by counsel, and that the conduct on which Plaintiff bases her bad faith claim concerns the manner in which OFB has proceeded since remand in *Andres I.* Plaintiff does not disagree with OFB's listing, in its summary judgment motion, of the procedural and strategic measures that Plaintiff herself has pursued since remand, nor does she deny OFB's contention that she failed to supplement her discovery responses concerning her damages and witnesses. Neither party suggests that the value of Plaintiff's claim, or the amount of her damages, was undisputed.

¶ 16 In short, Plaintiff's contention that OFB did not properly investigate and evaluate her claim does not apply to the facts of this case. It is now the law of this case—and therefore not disputed—that OFB's initial denial of Plaintiff's claim was reasonable under the circumstances. It also is undisputed that the entirety of OFB's conduct—or failure to act—of which Plaintiff now complains occurred completely within the context of the parties' appropriate exercise of their rights in litigation. As such, the undisputed facts demonstrate that summary judgment in favor of OFB in this case was warranted.[5]

## CONCLUSION

¶ 17 The trial court correctly entered summary judgment in favor of OFB on Plaintiff's claim alleging OFB's bad faith in its investigation and evaluation of the claim after remand of a related case between the parties. Accordingly, the trial court's judgment is affirmed.

¶ 18 **AFFIRMED.**

GOODMAN, P.J., and RAPP, J., concur.

---

5. Because we resolve this matter on this ground, it is unnecessary to consider OFB's other trial-court defenses asserting issue or claim preclusion and improper "splitting of a cause of action."