James Stuart PITMAN, Petitioner,

v.

Honorable Laton L. DOTY, Judge of the District Court of Washington County, Oklahoma, Respondent.

Wendell J. McWHORTER, Petitioner,

v.

Honorable Laton L. DOTY, Judge of the District Court of Washington County, Oklahoma, Respondent.

Nos. 42848, 42849.

Supreme Court of Oklahoma.

Feb. 9, 1968.

Harris, Graham & Harris, Bartlesville, Ungerman, Grabel, Ungerman & Leiter, Tulsa, E. P. Litchfield, Tulsa, for petitioners.

Lewis B. Ambler, Dist. Atty., James L. Sontag, Asst. Dist. Atty., Bartlesville, for respondents.

DAVISON, Justice.

The proceedings involved herein were instituted by separate original applications by petitions for Writs of Mandamus brought by James Stuart Pitman and Wendell J. McWhorter against the Honorable Laton L. Doty, Judge of the District Court of Washington County, Oklahoma, requiring said judge to certify his disqualification in each case.

The petitions in each case arise out of a Grand Jury investigation resulting in the recommendation by that body that each of the petitioners herein be removed from office. The petitioners are County Commissioners of Washington County.

Petitioners filed applications in the District Court of Washington County requesting disqualification of the respondent by reason of alleged bias and prejudice against them and their alleged belief that they would be unable to receive a fair and impartial trial before respondent. At the hearing before respondent evidence on behalf of the petitioners and respondent was adduced and this evidence is now before us in transcript form. Oral argument has also been heard by this Court where both petitioners and respondent were allowed to present their respective contentions. Respondent bases his refusal to disqualify upon the theory that he is not disqualified by reason of bias and prejudice against petitioners and that there is no reason for his disqualifying; that respondent is of the opinion that petitioners' applications are for delay only.

Since the evidence, the briefs and the oral argument concern the same subject matter and essentially the same evidence, and the same applicable principles of law, we will consider both numbered and styled cases together.

One reason given by the petitioners why the respondent should disqualify is that their counsel have stated in their briefs and in their oral argument before this Court that they intended at the trial to call respondent as a material witness in support of their motions filed attacking the validity of the Grand Jury. Petitioners allege that respondent was the judge who called the Grand Jury in session, impaneled the same and who, as District Judge, directed its activities. We must assume, therefore, that respondent will be called as a witness for the purpose of determining the legality of their motions above referred to.

In reply to the foregoing proposition respondent takes the position that other people were present relative to the time, place, manner of selecting the jurors and the convening of the Grand Jury who could be called as witnesses and that the proposed calling of respondent as a witness is a subterfuge for purposes of delay.

A similar question was involved and decided in the case of State ex rel. Smith v. Wilcoxen, Okl., 312 P.2d 187, by the Criminal Court of Appeals (Now Court of Criminal Appeals). In that case the impaneling of the Grand Jury was under attack, and it was alleged that Judge Wilcoxen would be called as a witness to establish facts relative to his acts and conduct in connection with the Grand Jury. Judge Wilcoxen, as in the present situation, denied any bias or prejudice against the petitioners. In deciding the case and issuing the writ requiring Judge Wilcoxen to certify his disqualification the court used the following language:

"We are of the opinion that the first ground asserted, that the trial judge will be a material witness on the issues involved at the hearing on the relator's mo-

tions to quash the indictments is good, not alone on the bare allegations of the petition, Goad v. State, 43 Okl.Cr. 411, 279 P. 927, 929; 48 C.J.S. Judges § 93, p. 1092, notes 62–65, but upon the uncontroverted evidence produced on the hearing herein. This Court can readily perceive how the trial judge's evidence may be material to the determination of the validity of the indictments herein involved. Under such conditions, this Court might become an instrument of impediment to the ends of justice if we did not sustain the petition. To hold otherwise on this point could lead to unseemly and embarrassing results, denial of justice, scandal of the courts, lessen the dignity of them, and bring them into disrepute."

We find it unnecessary to specifically deal with the testimony on behalf of petitioners to show their reason for disqualification of respondent. The record amply supports the feeling and thought of each petitioner that they, in all good faith and conscience, feel that they would be unable to have a fair and impartial hearing or trial before respondent.

We therefore have a situation where petitioners, apparently in good faith, feel that they cannot have a fair and impartial trial before respondent, and where respondent, apparently in good faith, is of the opinion that they would receive a fair and impartial trial, free from prejudice and bias.

This court has held that "where there are circumstances of such nature as to cause doubts as to a Judge's partiality, bias or prejudice, it is his duty to disqualify, notwithstanding the fact that he personally believes himself to be unprejudiced, unbiased and impartial." See State ex rel. Heard v. Sullivan, and State ex rel. Caldwell v. Sullivan, 206 Okl. 43, 240 P.2d 1109.

We are of the opinion that the facts and circumstances in the present cases are sufficiently applicable to invoke the rule of law declared in the above cited case.

We wish to here point out that the reputation, integrity, honesty and capability of the respondent is not questioned by the litigants, nor by the members of this Court.

From a study of all the facts and circumstances of the cases, we have come to the conclusion and hold that justice would be better served and respected if the respondent certified his disqualification in each of the cases, in order that a different non-resident judge, who is not so closely associated with the litigation, may be assigned to try the matters. This holding should tend to improve the administration of justice.

The writs of mandamus are granted ordering respondent to disqualify in both cases, they being Nos. 20459 and 20460, in the District Court of Washington County, Oklahoma.

All the Justices concur.