**PRUDENTIAL MANAGEMENT CO., INC.,**
dba Thrush Meadow Apartments,
Petitioner,

v.

**William M. ALLEN, Special District Judge,
and the District Court of Oklahoma County, State of Oklahoma, Respondent.**

No. 49982.

Supreme Court of Oklahoma.

Sept. 28, 1976.

Terry F. Gust, Cantrell, Gust & Morris, Midwest City, for petitioner.

William M. Allen, pro se.

SIMMS, Justice.

Petitioner, plaintiff below, asks this Court to assume original jurisdiction and seeks to prohibit Respondent Special Judge from enforcement of an order vacating a judgment.

Chronologically, petitioners commenced an action under the Small Claims Procedure Act, 12 O.S.1971, § 1751, et seq., in the Small Claims Divisions of the Oklahoma County District Court on March 4, 1976, to recover $283.99 in alleged unpaid rent and electric bills.

Personal service was had upon defendant and the appearance docket reflects that on April 29, 1976, an agreed judgment was entered in favor of plaintiff for $150.00, without costs or attorney's fees being taxed to defendant.

On July 16, 1976, some 78 days after judgment, and following petitioner's garnishment of defendant's wages, Respondent Judge vacated the $150.00 judgment admittedly on his *own initiative and own motion.* Defendant has filed no pleadings of any nature in the cause below.

Petitioner urges that under the provisions of 12 O.S.1971, § 1031.1,[1] Respondent Judge had lost jurisdiction to vacate the judgment on his own initiative after thirty (30) post-judgment days. Petitioner adds that any vacation of a judgment, if the same is subject to being vacated, must be predicated upon the provisions of 12 O.S. 1971, § 1032,[2] or 12 O.S.1971, § 1038,

---

1. 12 O.S.1971, § 1031.1: Within thirty (30) days after the rendition of a judgment, the court, on its own initiative or on motion of a party, may correct, open, modify, or vacate the judgment. The court may prescribe what notice, if any, shall be given.

2. 12 O.S.1971, § 1032: The proceedings to correct mistakes or omissions of the clerk, or

irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action. The motion to vacate a judgment because of its rendition before the action regularly stood for trial can be made only within three (3) months after the rendition of said judgment.

which reads in part: " . . . a void judgment may be vacated at any time, on motion of a party, or any person affected thereby."

Respondent counters that because trial proceedings were had under the Small Claims Procedure Act, the trial judge has more latitude in presiding over proceedings to vacate judgments than in action in other divisions of the District Court. In support of this contention, he cites *Black v. Littleton*, Okl.App., 532 P.2d 486, 487 (1947), which held:

"It appears the intended purpose of the Small Claims Act was to establish an informal court, void of rigid restrictions with little or no regard to the technicalities pertaining to the rules of evidence, and the assumption by the judge of direct affirmative authority to control all aspects of a hearing with the sole object of dispensing speedy justice between the parties."

*Black, supra*, however, does not hold that a judge presiding over Small Claims cases has a right to exercise jurisdiction in excess of the judicial power conferred by statute.

Respondent additionally argues that petitioners were not the real party in interest as required by 12 O.S.1971, § 221,[3] and that the judgment is therefore void. In support of this contention, respondent has attached to his brief certain documentary evidence, which is extrinsic of the pleadings in the case. Neither the pleadings below or the judgment show on their face that petitioner was not the real party in interest as plaintiff below.

In *Scoufos v. Fuller*, Okl., 280 P.2d 720 (1955), this Court held:

"A void judgment is one that is void on the face of the record or judgment roll, and a judgment is not void on the face of the record if extrinsic evidence is necessary to establish the invalidity."

While a relaxation of the technical rules of evidence is essential to the administration of justice in the Small Claims Court, this does not mean that a Judge of that Court is empowered to act when he is without jurisdiction. We find nothing in the statutes or case-law giving a small claims court the power to act in excess of the provisions of 12 O.S.1971, § 1031.1, supra. The Court of Appeals expressly held in *Black, supra*, that an action brought under the Small Claims Act may be heard by any Judge of the District Court, and more importantly, the judgment of a Small Claims Court is a judgment of the District Court from which appeals are taken directly to this Court.

Title 12, O.S.1971, §§ 1031, 1031.1, expressly relate to the power of the District Court to vacate or modify judgments. It therefore follows that a Judge presiding over Small Claims litigation is without jurisdiction to vacate or modify a judgment *on his own initiative*, after the expiration of thirty (30) days following the entry of judgment.

In *American Bank of Oklahoma v. Adams*, Okl., 514 P.2d 1191 (1973) we held that a district court has full control of the judgment it renders, but after the expiration of the thirty (30) days as provided in § 1031.1, the court is without jurisdiction to modify a judgment not void on its face. That decision is controlling here.

APPLICATION TO ASSUME JURISDICTION GRANTED.

WRIT OF PROHIBITION ISSUED.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, LAVENDER, and BARNES, JJ., concur.

DOOLIN, J., dissents.

---

**3.** Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this article, but this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract.