**James C. CRAIG, Petitioner,**

v.

**Honorable Thomas WALKER, Judge of the District Court, Carter County, State of Oklahoma, Respondent.**

**No. 78062.**

Supreme Court of Oklahoma.

Jan. 14, 1992.

---

### ORDER

Petitioner/Defendant in the trial court has filed this application asking this Court to assume original jurisdiction and issue a writ of mandamus requiring Respondent to disqualify himself from sitting as the trial judge in a matter set for trial before him. The case involved has been set for trial before Respondent judge on three different occasions. Prior to the last occasion, plaintiff requested a settlement conference. Because of scheduling conflicts of another judge, Respondent suggested that he conduct the settlement conference. A conference was held and Respondent evaluated the case in favor of the plaintiffs in the amount of $500,000.00. After the unfavorable ruling, Petitioner filed a motion for disqualification of Respondent, but Respondent refused. On rehearing, the chief judge refused to disqualify Respondent. Petitioner then filed this action.

In response, Respondent urges that disqualification is unnecessary because both parties agreed that he should serve as the judge for the settlement conference. Respondent concludes that this amounts to a waiver.

Title 12 O.S.1981, Ch. 2, App., Rule 5(L) allows for the court to order a settlement conference. "A judge other than the trial judge will normally preside at such settlement conference." During this conference, the parties are required to be candid so that the judge may properly guide settlement discussions. Failure to cooperate fully with this rule may result in sanctions.

It is obvious that the thrust of the rule is to insulate the trial judge from any tenden-

cy toward predisposition which might occur if the trial judge were to participate in the settlement conference. To allow the settlement judge to be the trial judge would defeat the intent of this rule by placing in question the impartiality of the judge.

■ "When circumstances and conditions surrounding litigation are of such nature that they might cast doubt and question as to the impartiality of any judgment the trial judge may pronounce, said judge should certify his disqualification." *Sadberry v. Wilson*, 441 P.2d 381, 384 (Okla. 1968). Each litigant is entitled to the "cold neutrality of an impartial judge." *Id.*

■ Although Respondent asserts that any objection to his being the trial judge was waived by the parties' agreement that he should serve as the judge at the settlement conference, we do not agree. Respondent has pointed to nothing which indicates that such agreement was intended to be a waiver. In this situation, absent an express and voluntary relinquishment of a known right, this Court will not find that the parties impliedly waived the objection. *See, e.g., Faulkenberry v. Kansas City Southern Ry. Co.*, 602 P.2d 203, 206–7 (Okla.1979).

We thus assume original jurisdiction and grant the writ of mandamus, ordering Respondent to certify his disqualification.

OPALA, C.J., and DOOLIN, ALMA WILSON, KAUGER, and SUMMERS, JJ., concur.

HODGES, V.C.J., and LAVENDER, SIMMS, and HARGRAVE, JJ., dissent.