2011 OK 85

**Troy L. KIMBLE, Plaintiff/Appellant,**

v.

**Linda C. KIMBLE and Debbie Haskell, Defendants/Appellees.**

**No. 108,081.**

Supreme Court of Oklahoma.

Oct. 18, 2011.

---

Tony R. Burns, Anadarko, Oklahoma, for Plaintiff/Appellant.

John Garland, Anadarko, Oklahoma, for Defendant/Appellee Kimble.

Justus Hefley, Anadarko, Oklahoma, for Defendant/Appellee Haskell.

KAUGER, J.:

¶1 The issue presented is whether the trial court, in a small claims proceeding without a jury, may apply the applicable statute of limitations, or other rules of law, to the evidence adduced at the small claims proceeding in resolving in the case before it. The public policy goal of the Small Claims Procedure Act [1] is to provide an informal and uncomplicated mechanism for inexpensive and speedy justice. In order to effect that goal, trial judges are allowed latitude in their discretionary decision-making. Accordingly, we hold that because the Small Claims Procedure Act is informal in nature, a trial court may apply the applicable statute of limitations or other rules of law, to the evidence adduced at a small claims proceeding.

### FACTS

¶2 The plaintiff/appellant, Troy Kimble (Kimble) was awarded the marital home and certain personal property following a divorce from the defendant/appellee Linda Kimble (ex-wife) in 2007. Subsequently, he brought a contempt proceeding against his ex-wife for the removal of some of the fixtures from the home, particularly the carport, which she gave to her daughter, the defendant/appellee Debbie Haskell (daughter). The ex-wife was found guilty of contempt.

¶3 Two year later, in 2009, Kimble brought a replevin action in small claims court against his ex-wife and her daughter alleging that they wrongfully possessed some of his farm equipment. The trial court held a hearing on December 23, 2009, and the parties did not request a court reporter. The ex-wife disclaimed any interest in the property and the daughter insisted that some of the property belonged to her, but she was willing to allow Kimble to pick up some of

---

1. Title 12 O.S. Supp.2004 §§ 1751 *et seq.*

the "other" equipment that was in her possession.

¶ 4 The trial court took the matter under advisement and issued its order on December 28, 2009.[2] It determined that Kimble could have included the allegations he was making now in his contempt action which was filed two years earlier, therefore the claims were barred by the preclusive effect of the contempt proceeding. The trial court also found that the claims were barred by the two-year statute of limitations pursuant to 12 O.S. Supp.2009 § 95(A)(3)[3] because the maximum reasonable time for exchanging property following a divorce is thirty days and the replevin action was brought more than two years later.[4]

### A TRIAL COURT MAY APPLY THE APPLICABLE STATUTE OF LIMITATIONS, OR OTHER RULES OF LAW, TO THE EVIDENCE ADDUCED AT A SMALL CLAIMS PROCEEDING.

■ ¶ 5 Kimble argues that the trial court erred in raising dispositive legal issues *sua sponte*, after a hearing on his replevin action. The ex-wife and daughter contend that the Small Claims Procedures Act (the Act)[5] requires the trial court to dispense speedy justice and the Act's informalities allows a trial court to apply rules of law in deciding the case, even though the parties may not have raised the dispositive rule in their respective presentations to the court. We agree.

■ ¶ 6 The Act is set forth at 12 O.S. Supp.2004 §§ 1751 *et seq.* The unmistakable public policy goal of the Act is to provide small claims forums as "people's courts, uncomplicated by the formal demands of superior courts."[6] This is evidenced throughout the Act which provides for informal procedures for actions when claims are less than $6,000.00.[7] For example, the Act's simplified procedure is reflected in the lack of the requirement of formal pleadings other

2. We note that this cause is factually distinguishable from *Prudential Management Co. v. Allen*, 1976 OK 122, 554 P.2d 1365, wherein the Court held that a trial judge did not have the discretion to vacate a judgment 78 days after it was entered when the statute proscribed jurisdiction over the matter thirty days after entry of a judgment.

3. Title 12 O.S.2009 § 95(A)(3) provides:

A. Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
... 3. Within two (2) years: An action for trespass upon real property; an action for taking, detaining, or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud; ...

4. The trial court issued its order on December 29, 2009. Kimble filed a Motion to Reconsider on December 31, 2009, challenging the court's ruling based on the statute of limitations and issue preclusion. The motion was denied on February 9, 2010. Kimble argues that he was deprived of the right of due process by the court's post hearing ruling. This argument is unconvincing because he was given, and took advantage of, the opportunity to challenge the ruling in his Motion to Reconsider.

5. Title 12 O.S. Supp.2004 §§ 1751 *et seq.*

6. *Patterson v. Beall*, 2000 OK 92, ¶ 8, 19 P.3d 839; *Thayer v. Petroleum Co.*, 1980 OK 95, ¶ 11, 613 P.2d 1041.

7. Title 12 O.S. Supp.2004 § 1751 provides:

A. The following suits may be brought under the small claims procedure:
1. Actions for the recovery of money based on contract or tort, including subrogation claims, but excluding libel or slander, in which the amount sought to be recovered, exclusive of attorneys fees and other court costs, does not exceed Six Thousand Dollars ($6,000.00);
2. Actions to replevy personal property the value of which does not exceed Six Thousand Dollars ($6,000.00). If the claims for possession of personal property and to recover money are pled in the alternative, the joinder of claims is permissible if neither the value of the property nor the total amount of money sought to be recovered, exclusive of attorneys fees and other costs, exceeds Six Thousand Dollars ($6,000.00); and
3. Actions in the nature of interpleader, as provided for in Section 2022 of this title, in which the value of the money which is the subject of such action does not exceed Six Thousand Dollars ($6,000.00).

than the basic claim and notice.[8] The only pretrial motion allowed is a motion to transfer the cause to District Court and the Act imposes a penalty on a defendant who successfully transfers the action but does not prevail.[9] The Act specifically prohibits depositions, interrogatories and all other typical discovery procedures unless it is after a judgment to aid in its execution.[10] It also prohibits the addition of new parties or the ability to intervene.[11]

■ ¶ 7 The goal of this simplified version of litigation is to "facilitate the access of parties to simple, inexpensive, and speedy justice."[12] A party cannot delay the pro-

---

B. No action may be brought under the small claims procedure by any collection agency, collection agent, or assignee of a claim, except that an action may be brought against an insurer or third-party administrator by a health care provider as that term is defined in Section 6552 of Title 36 of the Oklahoma Statutes, who is an assignee of benefits available under an accident and health insurance policy, trust, plan, or contract.
C. In those cases which are uncontested, the amount of attorneys fees allowed shall not exceed ten percent (10%) of the judgment.
D. No action may be brought under the small claims procedure for any alleged claim against any city, county or state agency, or employee of a city, county or state agency, if the claim alleges matters arising from incarceration, probation, parole or community supervision.
E. No action by a plaintiff who is currently incarcerated in any jail or prison in the state may be brought against any person or entity under the small claims procedure.

8. The only exception to these basic pleading is when the defendant wishes to file a counterclaim. Title 12 O.S.2001 § 1758 provides in pertinent part:

No formal pleading, other than the claim and notice, shall be necessary, but if the defendant wishes to state new matter which constitutes a counterclaim or a setoff, he shall file a verified answer, a copy of which shall be delivered to the plaintiff in person, and filed with the clerk of the court not later than seventy-two (72) hours prior to the hour set for the first appearance of said defendant in such action....

9. 12 O.S.2001 § 1157 provides:
A. On motion of the defendant, a small claims action may, in the discretion of the court, be transferred from the small claims docket to another docket of the court; provided, that the motion is filed and notice is given by the defendant to the opposing party or parties by mailing a copy of the motion at least forty-eight (48) hours prior to the time fixed in the order for defendant to appear or answer; and provided further, that the defendant deposit the sum of Fifty Dollars ($50.00) as the court cost.
B. The motion shall be heard at the time fixed in the order and consideration shall be given to any hardship on the plaintiff, complexity of the case, reason for transfer, and other relevant matters. If the motion is denied, the action shall remain on the small claims docket. If the motion is granted, the defendant as movant

shall present within ten (10) days and the court shall cause to be filed an order on a form prepared by the Administrative Office of the Courts transferring the action from the small claims docket to another docket. If the transfer order is not filed by the movant within ten (10) days, it shall be reinstated upon the small claims docket upon motion of the small claims plaintiff, and no further transfer shall be authorized. Before the transfer is effected, the movant shall deposit with the clerk the court costs that are charged in other civil cases under Sections 151 through 157 of Title 28 of the Oklahoma Statutes, less any sums that have already been paid to the clerk. After this filing, the costs and other procedural matters shall be governed as in other civil actions, and not under small claims procedure.
C. Within twenty (20) days of the date the transfer order is signed, the plaintiff shall file a petition that conforms to the standards of pleadings prescribed by the Oklahoma Pleading Code. The answer of the defendant shall be due within twenty (20) days after the filing of the petition and the reply of the plaintiff in ten (10) days after the answer is filed. If the plaintiff ultimately prevails in the action so transferred by the defendant, a reasonable attorney's fee shall be allowed to plaintiff's attorney to be taxed as costs in the case, in addition to any sanctions which the court may deem appropriate.

10. Title 12 O.S.2001 § 1760 provides:

No attachment or prejudgment garnishment shall issue in any suit under the small claims procedure. Proceedings to enforce or collect a judgment rendered by the trial court in a suit under the small claims procedure shall be in all respects as in other cases; provided, however, judgments, other than default judgments, for the payment of money may be enforced or collected as prescribed in Section 4 of this act. No depositions shall be taken or interrogatories or other discovery proceeding shall be used under the small claims procedure except in aid of execution. No new parties shall be brought into the action, and no party shall be allowed to intervene in the action.

11. Title 12 O.S.2001 § 1760, see note 10, supra.

12. *Johnson v. Scott*, 1985 OK 50, ¶ 14, 702 P.2d 56. Title 12 O.S.2001 § 1761 provides in pertinent part:

ceedings by requesting a jury trial [13] and even if a jury is employed, the rules of evidence are "relaxed." [14]

¶ 8 The rationale and the policy reasons for the latitude provided to trial judges and litigants in small claims court have been reiterated in cases by this Court. In *Thayer v. Phillips Petroleum Co.*, 1980 OK 95, ¶ 8, 613 P.2d 1041 the Court said:

> The Act established an informal court, void of rigid restrictions with little or no regard for the technicalities pertaining to the rules of evidence which authorized the judge, within the bounds of due process, to exercise direct **affirmative authority to control all aspects of a hearing.** (Emphasis Supplied.) [15]

> ... The hearing and disposition of such actions shall be informal with the sole object of dispensing speedy justice between the parties....

It is illogical, given the latitude of discretionary power of a trial judge in a small claims action,[16] to preclude the judge from applying the dispositive law to the evidence adduced at the proceeding, simply because the parties did not raise the dispositional legal rule in their presentation.[17] Small claims actions are meant to be simple and uncomplicated and for all litigants to pursue justice even for the smallest matters without the worry of attorney fees and the expenses of litigation that might otherwise serve as a barrier to them.[18]

¶ 9 In *Patterson v. Beall,* 2000 OK 92, 19 P.3d 839, a trial judge allowed the parties in a small claims action to file motions for summary judgments found in the District Court

---

**13.** Title 12 O.S.2001 § 1761 provides:

Actions under the small claims procedure shall be tried to the court without a jury, unless the amount of the claim, counterclaim, or setoff exceeds One Thousand Five Hundred Dollars ($1,500.00); provided, if either party wishes a reporter or if either party to an action in which the claim, counterclaim, or setoff exceeds One Thousand Five Hundred Dollars ($1,500.00) wishes a jury, he must notify the clerk of the court in writing at least two (2) working days before the date set for the defendant's appearance and must deposit Fifty Dollars ($50.00) with said notice with the clerk. The plaintiff and the defendant shall have the right to offer evidence in their behalf by witnesses appearing at such hearing, and the judge may call such witnesses and order the production of such documents as he may deem appropriate. The hearing and disposition of such actions shall be informal with the sole object of dispensing speedy justice between the parties.

The prevailing party shall mail a file-stamped copy of the judgment by first-class mail to all other parties who have entered an appearance in the action at their last-known addresses and file a certificate of mailing with the court clerk.

Title 12 O.S.2001 § 1756 provides:

The date for the appearance of the defendant as provided in the order endorsed on the affidavit shall not be more than sixty (60) days nor less than ten (10) days from the date of the order. The order shall be served upon the defendant at least seven (7) days prior to the date specified in the order for the appearance of the defendant. If it is not served upon the defendant, the plaintiff shall apply to the clerk for a new order setting a new day for the appearance of the defendant, which shall not

be more than sixty (60) days nor less than ten (10) days from the date of the issuance of the new order. When the clerk has fixed the date for appearance of the defendant, the clerk shall inform the plaintiff, either in person or by certified mail, of the date and order the plaintiff to appear on that date.

**14.** *Prudential Management Co., Inc. v. Allen,* see note 2, supra at ¶ 10.

**15.** *See also, Carter v. Gullett,* 1979 OK 146, ¶ 7, 602 P.2d 640.

**16.** The Court of Civil Appeals has also recognized the broad latitude of the trial judge in small claims proceedings. *Black v. Littleton,* 1975 OK CIV APP 1, ¶ 12, 532 P.2d 486.

**17.** Title 12 O.S. Supp.2009 § 2008 sets forth the requirements for asserting an affirmative defense and possible affirmative defenses which may be raised. It provides, in pertinent part:

...
C. AFFIRMATIVE DEFENSES. In pleading to a preceding pleading, a party shall set forth affirmatively: ...
12. Laches; ...
16. Res judicata;
17. Statute of frauds;
18. Statute of limitations;
19. Waiver; and
20. Any other matter constituting an avoidance or affirmative defense.
When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation

**18.** *Thayer v. Phillips Petroleum Co.,* see note 6, supra at ¶ 4.

Rules.[19] The Court, outlining six reasons, found that allowing motions for summary judgment was inappropriate, holding:

1) the timing requirements of rules relating to summary judgment would be contrary to the Act's purpose of speed and efficiency;

2) the technicality of the summary judgment rule conflicts with the simple, uncomplicated "people's court" procedures of the Act designed to dispense with the necessity of lawyers;

3) a motion for summary judgment would likely require the use of discovery which is prohibited under the Act;

4) the Act relaxes the rules of evidence whereas the formal summary judgment rule does not;

5) the Act only allows for one pretrial motion to be filed, a motion to transfer and under the maxim "expresio unius est exclusion alterius," the mention of only one thing implies the exclusion of any other; and

6) the motion to transfer allows either party to access the full panoply of district court procedures which the Act seeks to avoid.

¶ 10 The *Patterson* rationale applies here. If motions for summary judgments are inappropriate in small claims proceedings because they conflict with the simple, inexpen-

**19.** Rule 13, Rules for the District Courts of Oklahoma, 12 O.S. Supp.2002, Ch. 2, App. 1 sets forth the procedural for filing a motion for summary judgment in the District Court. It provides in pertinent part:

a. A party may move for either summary judgment or summary disposition of any issue on the merits on the ground that the evidentiary material filed with the motion or subsequently filed with leave of court show that there is no substantial controversy as to any material fact. The motion shall be accompanied by a concise written statement of the material facts as to which the movant contends no genuine issue exists and a statement of argument and authority demonstrating that summary judgment or summary disposition of any issues should be granted. Reference shall be made in the statement to the pages and paragraphs or lines of the evidentiary materials that are pertinent to the motion. Unless otherwise ordered by the court, a copy of the material relied on shall be attached to the statement.

The motion may be served at any time after the filing of the action, except that, if the action has been set for trial, the motion shall be served at least twenty (20) days before the trial date unless an applicable scheduling order establishes an earlier deadline. The motion shall be served on all parties and filed with the court clerk ...

c. The affidavits that are filed by either party shall be made on personal knowledge, shall show that the affiant is competent to testify as to the matters stated therein, and shall set forth matters that would be admissible in evidence at trial. The admissibility of other evidentiary material filed by either party shall be governed by the rules of evidence. If there is a dispute regarding the authenticity of a document or admissibility of any submitted evidentiary material, the court may rule on the admissibility of the challenged material before disposing of the motion for summary judgment or summary disposition. A party challenging

the admissibility of any evidentiary material submitted by another party may raise the issue expressly by written objection or motion to strike such material. Evidentiary material that does not appear to be convertible to admissible evidence at trial shall be challenged by objection or motion to strike, or the objection shall be deemed waived for the purpose of the decision on the motion for summary judgment or summary disposition. If a trial of factual issues is required after proceedings on a motion for summary judgment or summary disposition, evidentiary rulings in the context of the summary procedure shall be treated as rulings in limine. ...

f. The serving of a motion for either a summary judgment or summary disposition of issues before a responsive pleading is served where a responsive pleading is permitted does not preclude the opposing party from amending the pleading without leave of court. If a motion for either a summary judgment or summary disposition is served after the case is at issue, the hearing on the motion and the pretrial conference may, in the discretion of the court, be held at one time. A court may decide a motion for either a summary judgment or summary disposition without a hearing, and where this is done, the court shall notify the parties of its ruling by mail.

g. The pleadings or the pretrial conference order may be amended either before or during the hearing on a motion for either summary judgment or summary disposition under this rule, and the court may continue the hearing to a subsequent time. After a court grants a judgment under this rule, neither the pleadings nor the pretrial conference order may be amended by the addition of allegations in regard to any fact which was known to the party and which could have been presented at the hearing on the motion, and a motion for a rehearing or for a new trial on the ground of newly discovered evidence must comply with the provisions of 12 O.S. § 655. ...

sive and speedy justice, it would be equally inappropriate to require the parties to raise dispositive legal issues before a trial judge could apply such law. Such a requirement is inconsistent with the purpose of simple, inexpensive, and speedy resolution of small claims cases.

¶ 11 In the case below, the parties provided enough information for the judge to use his wide latitude of discretion to make a decision based upon the law. That is precisely what the Act and our case law have said is the purpose the judge serves—to dispense justice informally and without complication.

## CONCLUSION

¶ 12 The purpose of the Act is to provide speedy and efficient justice to parties with smaller claims.[20] It is meant to be inexpensive, informal, and simple so as to provide access to justice to all. Trial courts are given the latitude to effect this justice.[21] The purpose and intent of the Act as well as our precedent allow judges presiding over small claims actions to apply legal rules to evidence adduced at the proceeding in resolving the cases before them even though the parties did not raise or invoke the dispositive legal rule or rules in their presentation to the court.[22]

## CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT AFFIRMED.

KAUGER, WINCHESTER, EDMONDSON, REIF, COMBS, GURICH, JJ., concur.

TAYLOR, C.J., COLBERT, V.C.J., WATT, J., dissent.

**20.** *Johnson v. Scott,* see note 12, at ¶ 4, supra.

**21.** *Thayer v. Phillips Petroleum Co.,* see note 6 at ¶ 4 supra; *Carter v. Gullett,* see note 15 at ¶ 7, supra.

**22.** *Patterson v. Beall,* see note 6, at ¶ 8, supra; *Johnson v. Scott,* see note 12, at ¶ 4, supra; *Thayer v. Phillips Petroleum Co.,* see note 6 at ¶ 4 supra; *Carter v. Gullett,* see note 15 at ¶ 7, supra. Our disposition of this cause renders Kimble's motion for appeal related costs and fees moot.

**1.** Title 12 O.S. Supp.2009 § 95(A)(3) providing: "A. Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

WATT, J., with whom TAYLOR, C.J. and COLBERT, V.C.J. join, dissenting:

¶ 1 **After the hearing in the above styled and numbered small claims cause,** the trial judge took the matter under advisement. *Sua sponte* **and without the parties' input on either of the issues found dispositive or any opportunity to be heard,** the trial court determined that the plaintiff's/appellant's claims were: 1) not viable because they were not raised in a contempt proceeding heard two (2) years earlier; and 2) barred by the two-year statute of limitations.[1] The majority opinion holds that, because the small claims procedure is informal in nature, the trial judge has unlimited discretion to apply any legal principle, raised or not, to resolve the conflict before it. I dissent.

¶ 2 The holding is far too broad and will have a chilling effect upon all future small claims cases. The purpose of the Small Claims Act (small claims), 12 O.S. Supp.2004 §§ 1751 *et seq.,* as passed by the Oklahoma Legislature, was to facilitate a quicker resolution of minor disputes, **primarily between parties appearing** *pro se.* Small claims procedures were never intended to frustrate, discourage, or eliminate a party's constitutional right to a fair trial before an impartial jurist[2] or to effectively close the court house

... 3. Within two (2) years: An action for trespass upon real property; an action for taking, detaining, or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud ..."

**2.** *Miller Dollarhide, P.C.,* see note 12, infra; [**Kauger, J.** writing for the majority.]; *Pierce v. Pierce,* see note 11, infra; *Johnson v. Board of Governors of Registered Dentists,* see note 11, infra; *Craig v. Walker,* see note 11, infra; *Sadberry v. Wilson,* see note 11, infra; *Pitman v. Doty,* see note 11, infra.

doors by allowing decisions to be made in sequestered chambers without the opportunity for all litigants to be heard.[3] All Oklahomans are entitled to right and justice administered without sale, denial, delay, or prejudice.[4] Minimum standards of due process require that persons be afforded not only notice but also an opportunity to be heard before any of their substantial rights may be altered or affected.[5] The right to a fair trial is an indispensible constitutional right.[6] Even where a statute is not unconstitutional on procedural or substantive grounds,[7] failure of notice to the party affected thereby is fatal to its application.[8]

Furthermore, this Court has recognized that even less formal administrative proceedings, which may directly and adversely affect legally protected interests, must be preceded by notice calculated to provide knowledge of the exercise of adjudicative power and an opportunity to be heard.[9]

¶3 No statutory regime, until now, has received this Court's approval at the expense of one's constitutional right to due process,[10] a fair trial, and the cold neutrality of a detached trial court judge.[11] Due process entitles a person to an impartial and disinterested tribunal in both civil and criminal cases.[12] The Okla. Const. art. 2, § 6 [13] guar-

---

3. The Okla. Const. Art. 2, § 6 providing:

"The **courts of justice of the State shall be open to every person,** and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; **and right and justice shall be administered without sale, denial, or prejudice.**" [Emphasis provided.]

4. *Id.*

5. *Patel v. OMH Medical Ctr., Inc.,* 1999 OK 33, ¶ 39, 987 P.2d 1185, cert. denied, 528 U.S. 1188, 120 S.Ct. 1242, 146 L.Ed.2d 100.

6. *Taliaferro v. Shahsavari, M.D.,* 2006 OK 96, ¶ 32, 154 P.3d 1240 [**Kauger, J.** writing for the majority]; A full and fair trial is guaranteed by the Due Process Clause of the 14th Amendment to the United States Constitution. *Bracy v. Gramley,* 520 U.S. 899, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997), *cert. granted, judgment vacated,* 520 U.S. 1272, 117 S.Ct. 2450, 138 L.Ed.2d 209 (1997); *Withrow v. Larkin,* 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975); *In re Murchison,* 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955). The Okla. Const. art. 2, § 19 providing in pertinent part:

"The right to trial by jury shall remain inviolate...."

7. Procedural due process requires an inquiry into the constitutional adequacy of the State's procedural safeguards. *Zinermon v. Burch,* 494 U.S. 113, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990); *Nelson v. Nelson,* see note 8, infra [**Kauger, J.** writing for the majority]; *Matter of Adoption of J.R.M.,* 1995 OK 79, ¶ 12, 899 P.2d 1155. The substantive component of the due process clause bars certain governmental action despite the adequacy of procedural protections provided. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986); *Nelson v. Nelson,* see note 8, infra [**Kauger, J.** writing for the majority]; *Matter of Adoption of J.R.M.,* this note, supra.

8. *Nelson v. Nelson,* 1998 OK 10, ¶ 15, 954 P.2d 1219 [**Kauger, C.J.** writing for the majority.]

9. *DuLaney v. Oklahoma State Dept. of Health,* 1993 OK 113, ¶ 9, 868 P.2d 676 [**Kauger, J.** writing for the majority.]; *Harry R. Carlile Trust v. Cotton Petroleum,* 1986 OK 16, ¶ 13, 732 P.2d 438, cert. denied, 483 U.S. 1007, 107 S.Ct. 3232, 97 L.Ed.2d 738 and 483 U.S. 1021, 107 S.Ct. 3265, 97 L.Ed.2d 764 (1987); *Cate v. Archon Oil Co.,* 1985 OK 15, ¶ 10, 695 P.2d 1352 (Okla. 1985) [**Kauger, J.** writing for the majority.].

10. Oklahoma's due process clause has a definitional sweep coextensive with its federal counterpart. *Zeier v. Zimmer,* 2006 OK 98, fn. 8, 152 P.3d 861; *Barzellone v. Presley,* 2005 OK 86, ¶ 15, 126 P.3d 588; *Presley v. Board of County Comm'rs,* 1999 OK 45, ¶ 8, 981 P.2d 309; *City of Bethany v. Public Employees Relations Bd.,* 1995 OK 99, fn. 44, 904 P.2d 604 [**Kauger, J.** writing for the majority.]; *Oklahoma Ass'n for Equitable Taxation v. City of Oklahoma City,* 1995 OK 62, ¶ 12, 901 P.2d 800, *cert. denied,* 516 U.S. 1029, 116 S.Ct. 674, 133 L.Ed.2d 523 (1995) [**Kauger, V.C.J.** writing for the majority.]. The United States Const., Amend. 14, § 1 providing in pertinent part:
"... nor shall any state ... deny to any person within its jurisdiction the equal protections of the laws...."
The Okla. Const. art. 2, § 7 providing:
"No person shall be deprived of life, liberty, or property, without due process of law."

11. *Miller Dollarhide, P.C. v. Tal,* see note 12, infra [**Kauger, J.** writing for the majority.]; *Pierce v. Pierce,* 2001 OK 97, ¶ 13, 39 P.3d 791; *Johnson v. Board of Governors of Registered Dentists,* 1996 OK 41, ¶ 32, 913 P.2d 1339; *Craig v. Walker,* 1992 OK 1, ¶ 5, 824 P.2d 1131; *Sadberry v. Wilson,* 1968 OK 61, ¶ 15, 441 P.2d 381; *Pitman v. Doty,* 1968 OK 16, ¶ 0, 441 P.2d 428.

12. *Miller Dollarhide, P.C. v. Tal,* 2007 OK 58, ¶ 16, 163 P.3d 548 [**Kauger, J.** writing for the majority.].

antees to each citizen an open door to the courts of this state—including small claims court. Avenues to the courts should never be trumped by any statute which results in not only blocking access to the courts, but also the right to have one's cause heard by a fair and impartial judge, in a due process situation where all parties find themselves on a level playing field.[14] Access to courts must be available to all through simple and direct means and the right must be administered in favor of justice rather than being bound by technicalities.[15] In this case the majority goes too far. It deprives the plaintiff/appellant of a fair day in court.[16]

¶4 We have ample authority that a judge is confined to the record before him/her, the pleadings, and the evidence presented.[17] Here, the judge waited until after both parties had presented their entire case and then, *sua sponte*, without notice or the opportunity to be heard, decided this case on legal theories not raised by the parties, and denied, in this case, the plaintiff/appellant his right to a fair trial—by a misguided interpretation of the Small Claims Act, 12 O.S. Supp.2004 §§ 1751 *et seq.* **The due process clauses of the United States and the Oklahoma Constitutions provide that certain substantive rights—life, liberty, and property—cannot be deprived except by constitutionally adequate procedures.[18] The right to a fair trial is, in and of itself, a substantial constitutional right.[19] There can be no fair trial without the opportunity to be heard on all issues and to present all admissible** evidence.[20] **Because this did not occur in this instance and has been sanctioned by the majority, I dissent.**

---

**13.** The Okla. Const. art. 2, § 6, see note 3, supra.

**14.** See, *Miller Dollarhide, P.C. v. Tal*, note 12, supra [**Kauger, J.** writing for the majority.].

**15.** *Zeier v. Zimmer, Inc.*, see note 10, supra; *Woody v. State ex rel. Dept. of Corrections*, 1992 OK 45, ¶10, 833 P.2d 257.

**16.** *Nelson v. Nelson*, see note 8, supra [**Kauger, C.J.** writing for the majority.].

**17.** See, *Rox Petroleum, L.L.C. v. New Dominion, L.L.C.*, 2008 OK 13, ¶7, 184 P.3d 502 [Appellate review limited to record actually presented to trial court.]; *Matter of Assessments for the Year 2005 of Certain Real Property Owned by Askins Properties, L.L.C.*, 2007 OK 25, ¶¶10–11, 161 P.3d 303 [Opining on an issue not presented within the confines of the factual issues is inap-

propriate. Our decision is limited to determining only the legal issues presented by the record before us.]; *Shero v. Grand Savings Bank*, 2007 OK 24, ¶3, 161 P.3d 298 [Appellate court review limited to the issues raised by the parties and presented by the proof, pleadings, petition in error, and briefs.]; *Jordan v. Jordan*, 2006 OK 88, ¶16, 151 P.3d 117 [To the same effect.].

**18.** *DuLaney v. Oklahoma State Dept. of Health*, see note 9, supra [**Kauger, J.** writing for the majority.].

**19.** *Taliaferro v. Shahsavari*, see note 6, supra [**Kauger, J.** writing for the majority.].

**20.** *Atkinson v. Gurich*, 2011 OK 12, ¶1, 248 P.3d 356 [**Taylor, C.J., with whom Winchester and Reif, JJ., join, dissenting to the majority opinion authored by Kauger, J.**].