2011 OK CIV APP 124

**Charles W. PARSONS, Plaintiff/Appellee,**

v.

**Shonda KLINGAMON, Defendant,**

and

**State of Oklahoma DHS ex rel. Oklahoma Child Support Services, Appellant.**

**No. 107781.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Nov. 14, 2011.

Amy E. Wilson, Elizabeth S. Wilson, Department of Human Services Oklahoma Child Support Services Division, Tulsa, Oklahoma, for Appellant.

DEBORAH B. BARNES, Presiding Judge.

¶ 1 Appellant State of Oklahoma DHS *ex rel.* Oklahoma Child Support Services (DHS) appeals an order of the small claims court denying its motion to vacate/motion for new

trial. The court's underlying judgment awarded a father $2,500 for what he alleged he was owed for child support payments. Because the matter was not within the small claims court's jurisdiction, we reverse.

## FACTS

¶ 2 Appellee/Plaintiff Charles W. Parsons (Father) and Defendant Shonda Klingamon (Mother) married and had a son. They were divorced in Case No. FD–95–5035 in Tulsa County in 1996. Although the divorce decree is not in the record, the parties agree that it ordered Father to pay $250 a month in child support. Father was not ordered to pay health insurance for the child because the child was Native American and could access tribal health care.

¶ 3 In July 2007, according to Father, he and Mother verbally agreed that he would pay $150 a month child support and also pay for health insurance for the child, which cost about $100 a month. This was done because both parents were dissatisfied with the care the tribe provided.

¶ 4 According to Father, even though the couple had an agreement, Mother contacted DHS to complain Father was not paying the original $250–a–month amount. DHS began garnishing his paychecks. Father objected. The matter was heard on July 30, 2009, by DHS's Office of Administrative Hearings, and continued until later that year.

¶ 5 While the matter was pending, Father *pro se* sued Mother in small claims court in August 2009. Father asserted in his affidavit that Mother "owes the plaintiff $2[,]500 for Child support payments from July 2007 to August 2009." This sum represented the money Father believed was wrongfully being garnished from his paychecks, his argument being he was complying with the couple's agreement by paying less in child support but making up the difference by paying for health insurance.

¶ 6 Although no transcript is in the record, a hearing was held on August 28, 2009, in small claims court with Father and Mother participating. DHS did not have notice of the hearing and was not present. The trial court granted Father a money judgment in the amount of $2,500.

¶ 7 DHS then entered the case by filing a motion to vacate. It argued the small claims court erred in making its award because: (1) DHS was a necessary party under 43 O.S. Supp.2009 § 112(F), which accords notice and necessary party status to DHS in cases where public assistance money, medical support, or child support services under the State child support plan have been provided; (2) the dispute stemmed from an order in the divorce case and belonged in district court; and (3) the matter was pending before DHS.

¶ 8 At a hearing on DHS's motion to vacate, Father conceded he did not give notice to DHS or inform the small claims court about the ongoing DHS proceeding. Father stated he did not do so because a DHS caseworker told him he was not going to get credit for his insurance payments.

¶ 9 The trial court denied DHS's motion to vacate. Although the trial court acknowledged it had no jurisdiction over child support payments, it viewed the case as a dispute between two parties to a third-party beneficiary contract. The trial judge stated from the bench:

I also had testimony that child support payments showed consistent payments which really had nothing to do with the small claims case, but through the testimony it was clear to me that the parties had an oral contract that [Father] would provide insurance that he did not have to provide for the child.

. . . .

I had nothing presented by [Mother] showing court ordered child support or anything of that nature. This Court looked at this matter as an oral contract between two former spouses for the benefit of the child.

It appears to me to be a third-party beneficiary contract that totaled $2,500. . . . And the Court determined that she would have [been] unjustly enriched if the contract amount was not enforced to the

amount of the insurance that had been paid.[1]

¶ 10 Within ten days, DHS filed a motion for new trial/motion to vacate, which the trial court denied. DHS appeals.[2]

## STANDARD OF REVIEW

¶ 11 A trial court is vested with broad legal discretion in granting or denying a new trial, and its judgment will not be disturbed on appeal unless it "clearly appears that the trial court erred in some pure simple question of law or acted arbitrarily...." *Poteete v. MFA Mutual Insurance Company*, 1974 OK 110, ¶ 24, 527 P.2d 18, 22. Ultimately, this case turns on the matter of jurisdiction. An appellate court will review jurisdictional questions independently, based on a *de novo* review of the record, without deference to the findings of fact or legal rulings made below. *Dilliner v. Seneca–Cayuga Tribe*, 2011 OK 61, ¶ 12, 258 P.3d 516, 519; *Jackson v. Jackson*, 2002 OK 25, ¶ 2, 45 P.3d 418, 421–422.

## ANALYSIS

¶ 12 Pursuant to the Small Claims Procedure Act, specifically 12 O.S. Supp.2004 § 1751, the trial court has jurisdiction to hear matters involving the recovery of up to $6,000 based on contract or tort, replevin, and actions in the nature of interpleader. The court does not have jurisdiction over child support matters. The district court has jurisdiction over matters involving marriage and divorce, including child support. *See* 43 O.S.2001 § 101 and 43 O.S. Supp.2009 § 112.

¶ 13 The trial court acknowledged this from the bench. Its award to Father could be viewed as in keeping with the Small Claims Procedure Act's purpose, to provide "simple, swift and inexpensive justice for the litigants...." *Thayer v. Phillips Petroleum Company*, 1980 OK 95, ¶ 4, 613 P.2d 1041, 1042. However, it is clear from the record that the trial court acted outside its jurisdiction. Regardless of how Father's lawsuit might be described, it clearly concerns his court-ordered child support obligation and the alleged agreement to modify that obligation. Even Father's small claims affidavit states that the basis of his lawsuit is that Mother "owes the plaintiff $2[,]500 for Child support payments from July 2007 to August 2009." Accordingly, the small claims court did not have jurisdiction to hear the matter, and its decision must be reversed.

¶ 14 Recently, the Oklahoma Supreme Court reaffirmed the public policy principles of simple, inexpensive, and speedy justice behind the creation of small claims courts. In *Kimble v. Kimble*, 2011 OK 85, 264 P.3d 1229,[3] the Court held that the trial court was not precluded from *sua sponte* raising and applying the statute of limitations to deny a replevin claim brought by a plaintiff against his ex-wife and her daughter.

¶ 15 Our decision is in accord with *Kimble* because it holds that when a dispositive issue presents itself, the court may consider it to resolve the small claims lawsuit. The instant case is an even stronger example of that principle because *Kimble* concerned a trial court's discretion to do so. The instant case involves jurisdiction, a primary and fundamental question into which a court *must* inquire. *Cate v. Archon Oil Company, Inc.*, 1985 OK 15, 695 P.2d 1352, 1356 n. 12.

1. Transcript of hearing held on October 7, 2009, pp. 18–19.

2. Although DHS designated Mother as an appellee in its Petition in Error, Mother has not participated in this appeal. Furthermore, we cannot see how Mother could be considered to be opposing DHS's appeal.

   Father, who has appeared *pro se* during these proceedings, has written letters to the Oklahoma Supreme Court, but he has not filed an answer brief, even though the Court specifically gave him notice. Where no answer brief is filed, an appellate court is under no duty to search the record for some theory to sustain the trial court's judgment, and will ordinarily reverse the judgment with appropriate directions, where the Brief–in–Chief is reasonably supportive of the allegations of error. *Sneed v. Sneed*, 1978 OK 138, ¶ 10, 585 P.2d 1363, 1366. However, pursuant to *Hamid v. Sew Original*, 1982 OK 46, 645 P.2d 496, reversal is never automatic for failure to file an answer brief.

3. This Opinion, issued on October 18, 2011, has not been released for publication in the permanent law reports. Until released, it is subject to revision or withdrawal.

¶ 16 Jurisdiction was not raised in *Kimble.* The plaintiff there brought a replevin action, which is specifically allowed by the Small Claims Procedure Act. The property at issue may once have been marital property, but now was alleged to be the plaintiff's property. Jurisdiction in the small claims court would appear to have been proper in *Kimble* because 43 O.S.2001 § 122 provides that, except in cases of fraud, divorce is a bar to any claim of either party to the property of the other. *Clifton v. Clifton,* 1990 OK 88, ¶ 11, 801 P.2d 693, 698. Thus, there were no marital property issues before the court. The property at issue either belonged to the plaintiff or to one of the defendants.

¶ 17 By contrast, the issue in the instant case is whether Father owed, or overpaid, his child support payments. The small claims court has jurisdiction to hear matters involving the recovery of up to $6,000, but only when the claim is based on contract or tort. While the parties may or may not have made an agreement, the child support obligation here is a matter involving marriage and divorce. Pursuant to §§ 101 and 112, jurisdiction over such matters lies in the district court, not in the small claims court.

## CONCLUSION

¶ 18 The trial court's order, filed on October 7, 2009, is reversed. Father still has a remedy, through the ongoing administrative proceedings and in district court, which retains jurisdiction over his divorce case. We express no opinion concerning the merits of his claim.

¶ 19 **REVERSED.**

FISCHER, V.C.J., and WISEMAN, J., concur.