OSCN Found Document:MANGUM OIL & GAS v. MAYABB

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 MANGUM OIL & GAS v. MAYABB
2014 OK CIV APP 15
Case Number: 110640
Decided: 11/19/2013
Mandate Issued: 02/20/2014
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2014 OK CIV APP 15, __ P.3d __

MANGUM OIL & GAS, Plaintiff/Appellee,
v.
TRAVIS SCOTT MAYABB, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
GREER COUNTY, OKLAHOMA

HONORABLE DANNY R. DEAVER, TRIAL JUDGE

VACATED

Tabitha L. Mills, LATHAM, NELSON & ASSOCIATES, PLLC, Mangum, Oklahoma, for Plaintiff/Appellee
MaryGaye LeBoeuf, Oklahoma City, Oklahoma and Rick K. Vernon, MCMAHAN & VERNON, P.C., Altus, Oklahoma, for Defendant/Appellant

P. THOMAS THORNBRUGH, PRESIDING JUDGE:

BACKGROUND

¶1 On November 20, 2009, plaintiff Mangum Oil & Gas (Mangum) filed a "Petition" against defendant Travis Scott Mayabb seeking to recover a debt of $3,043. The petition was filed on the small claims docket, but was not compliant with the small claims format or procedure. Mangum filed no small claims affidavit, and gave Mayabb notice in the form stated by 12 O.S.2011 § 2004, rather than according to the small claims procedure stated by 12 O.S.2011 § 1753. Mayabb did not respond, and no small claims appearance date was set. Mangum states that filing on the small claims docket was the result of a "scrivener's error." More than two years later, Mangum moved for a "default judgment" from the small claims court, which the court granted on January 17, 2012. Mayabb moved to vacate this default, arguing that Mangum had never obtained jurisdiction in the small claims court because the required procedures of 12 O.S.2011 § 1753 were not followed. The district court found that the small claims procedure stated by § 1753 is "not the only way to initiate and start a case in these small claims proceedings" and refused to vacate the default judgment. Mayabb now appeals this decision. For the reasons set forth below, we vacate the default judgment

STANDARD OF REVIEW

¶2 The trial court's disposition of a motion to vacate is reviewed for an abuse of discretion. Patel v. OMH Med. Ctr., Inc., 1999 OK 33, 987 P.2d 1185. "An abused judicial discretion is manifested when discretion is exercised to an end or purpose not justified by, and clearly against, reason and evidence." Id. at ¶ 20, 987 P.2d at 1194. The question of the district court's interpretation of the small claims statute, and its jurisdiction to enter judgment are questions of law. The standard of review for questions of law concerning the jurisdictional power of the trial court to act is de novo. Dilliner v. Seneca-Cayuga Tribe of Okla., 2011 OK 61, ¶ 12, 258 P.3d 516, 519. De novo review involves a plenary, independent, and non-deferential examination of the trial court's rulings of law. In re Estate of Bell-Levine, 2012 OK 112, ¶ 5, 293 P.3d 964, 966.

ANALYSIS

¶3 The question in this appeal is whether the small claims court obtained jurisdiction over Mayabb, and could therefore grant default judgment against him. As such, it presents a single initial question of law - if a plaintiff files suit on the small claims docket, must the plaintiff file a small claims affidavit and provide defendant notice in the form required by 12 O.S.2011 § 1753, or may the Plaintiff file a "petition" and give notice in the form required by 12 O.S.2011 § 2004?

¶4 Title 12 O.S.2011 §1753 requires that:

Actions under the small claims procedure as described in paragraphs 1 and 2 of subsection A of Section 1751 of this title shall be initiated by plaintiff or plaintiff's attorney filing an affidavit in substantially the following form with the clerk of the court:

The statue goes on to list a form of affidavit. This affidavit includes an order in the following form, which is signed by the small claims judge, and served on the defendant:

ORDER

The people of the State of Oklahoma, to the within-named defendant:

You are hereby directed to appear and answer the foregoing claim and to have with you all books, papers, and witnesses needed by you to establish your defense to the claim.

This matter shall be heard at ____________________ (name or address of building), in _______________, County of _______________, State of Oklahoma, at the hour of _____ o'clock of the _____ day of __________, 20__. And you are further notified that in case you do not so appear judgment will be given against you as follows:

For the amount of the claim as it is stated in the affidavit, or for possession of the personal property described in the affidavit.

And, in addition, for costs of the action (including attorney fees where provided by law), including costs of service of the order.

Dated this _____ day of __________, 20__.

¶5 It is undisputed that no part of this procedure was followed. No affidavit was filed, and no signed order stating an appearance date was sent. Instead, Mangum served a summons pursuant to 12 O.S.2011 § 2004(B), requiring Mayabb to "answer" within 20 days. No "answer" is required in the small claims process. Mangum argues that this process was sufficient to invoke the jurisdiction of the small claims court because the requirements of § 2004 are "more stringent" than those of §§ 1753-1755. We disagree that process in this case was "sufficient."

¶6 Title 12 O.S.2011 § 1755 does allow the service of a small claims action to be made pursuant to "the provisions of subsection C of Section 2004 of this title" at the election of the plaintiff. However, § 2004(C) deals with the physical details of service, not the required contents of the notice. We find it clear that the notice requirements of § 1753 were not followed.

¶7 The district court found, as a matter of law, that the procedure stated by § 1753 is "not the only way to initiate and start a case in these small claims proceedings." However, we find no support in the small claims statutes, or case law, for this view. The Legislature was quite clear regarding the unique procedure that is to be followed in small claims cases. We find no indication that the Legislature granted the trial courts discretion to substitute procedures beyond those specified by the statutes.

¶8 Mangum argues that the filing of the case on the small claims docket was due to a scrivener's error, evidenced by its failure to file the required affidavit and its use of the § 2004 procedure for service.[1] However, the error in this case is not insignificant. Filing a case on the small claims docket radically changes the procedures and rights available to the defendant. As noted by Kimble v. Kimble, 2001 OK ¶ 6, 264 P.3d 1229, 1231-1232:

The Act is set forth at 12 O.S. Supp. 2004 §§ 1751 et seq. The unmistakable public policy goal of the Act is to provide small claims forums as "people's courts, uncomplicated by the formal demands of superior courts." This is evidenced throughout the Act which provides for informal procedures for actions when claims are less than $6,000.00. For example, the Act's simplified procedure is reflected in the lack of the requirement of formal pleadings other than the basic claim and notice. The only pretrial motion allowed is a motion to transfer the cause to District Court and the Act imposes a penalty on a defendant who successfully transfers the action but does not prevail. The Act specifically prohibits depositions, interrogatories and all other typical discovery procedures unless it is after a judgment to aid in its execution. It also prohibits the addition of new parties or the ability to intervene.

(Footnotes omitted).

¶9 Although the Supreme Court had not traditionally favored strict differentiations between dockets on the grounds that these conflict with the general jurisdiction of the Oklahoma courts, the small claims procedure is unique and fundamentally different compared to that available in the other divisions of the courts. The procedure for initiating a small claims action is likewise unique, leading to a rapid and certain conclusion. It is not a procedure that can be "mixed and matched" with those from other dockets. The small claims statute requires the filing of an affidavit in "substantially" the statutory form. The filing of a "petition" and service of a summons requiring answer within 20 days is by no means "substantially compliant" with the required process. The small claims process explicitly requires notice of a hearing date as part of the process to initiate a case. Mayabb received no such notice.

¶10 We therefore hold that a small claims affidavit and notice "substantially compliant" with that required by 12 O.S.2011 §§ 1751 et seq. is the only correct way to initiate a small claims action, and procedures from other divisions of the courts may not be substituted.

CONCLUSION

¶11 The procedures required by 12 O.S.2011 §§ 1751 et seq. were not followed in this case. No small claims proceeding was therefore initiated, and the district court had no jurisdiction to grant default judgment in the matter. We therefore vacate the default judgment.

¶12 VACATED.

RAPP, J., and GOODMAN, J., concur.

FOOTNOTES

[1] The record indicates that Mangum actually filed another action on the CS docket seeking to recover the same debt from Maybabb on November 8, 2011, Case CS-2011-0027. Having admitted that it filed on the wrong docket, and having corrected that error, Mangum then inexplicably dismissed the CS action and attempted to proceed on the small claims docket instead.






 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Supreme Court Cases Cite
Name
Level 2011 OK 61, 258 P.3d 516, DILLINER v. SENECA-CAYUGA TRIBE OF OKLAHOMA
Discussed 2011 OK 85, 264 P.3d 1229, KIMBLE v. KIMBLE
Cited 2012 OK 112, 293 P.3d 964, IN THE MATTER OF THE ESTATE OF BELL-LEVINE
Discussed 1999 OK 33, 987 P.2d 1185, 70 OBJ 1353, Patel v. OMH Medical Center, Inc.
Discussed
Title 12. Civil Procedure Cite
Name
Level 12 O.S. 1751, Suits Authorized Under Small Claims Procedure
Discussed at Length 12 O.S. 1753, Small Claims Affidavit - Form - Filing
Discussed at Length 12 O.S. 1755, Service of Affidavit and Order upon Defendant
Cited 12 O.S. 2004, 12 O.S. 2004, Process
Discussed at Length